# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# NEWNAN DIVISION

| | | |
|---|---|---|
| TRAMAINE TUCKER, | :: | MOTION TO VACATE |
|    Movant, | :: | 28 U.S.C. § 2255 |
| | :: | |
| v. | :: | CRIMINAL NO. |
| | :: | 3:16-CR-0003-TCB-RGV-21 |
| UNITED STATES OF AMERICA, | :: | |
|    Respondent. | :: | CIVIL ACTION NO. |
| | :: | 3:22-CV-0050-TCB-RGV |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Tramaine Tucker's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, [Doc. 964], the government's response, [Doc. 970], and Tucker's replies, [Docs. 977 & 978]. For the reasons that follow, it is **RECOMMENDED** that Tucker's § 2255 motion be **DENIED**.

## I. PROCEDURAL HISTORY

A federal grand jury in the Northern District of Georgia returned a seventy-five-count indictment against Tucker and twenty-four co-defendants, charging Tucker, a corrections officer, in Counts Twenty-Six and Thirty-Two with attempting to distribute cocaine and methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(c), and 846, and in Counts Twenty-Seven and Thirty-Three

with attempting to affect commerce by extortion, under color of official right, in violation of 18 U.S.C. § 1951(a). [Doc. 1]. The indictment was the result of "a large-scale sting operation" conducted by the Federal Bureau of Investigation ("FBI") in response to the Georgia Department of Corrections' concern "that corrections officers were accepting bribes to smuggle contraband into prison." United States v. Mayweather, 991 F.3d 1163, 1168-69 (11th Cir. 2021). "During the investigation, the FBI arranged for an undercover informant . . . to set up fake drug deals with uniformed corrections officers outside of the prison walls." Id. at 1169. Tucker "participated in multiple car rides during which [he] believed [he was] transporting drugs while wearing [his] official prison guard uniform[]." Id. Tucker pleaded not guilty, [Doc. 135], and proceeded to a five-day jury trial represented by retained counsel Samuel F. Hart ("Hart"), [Docs. 625; 630; 633-35; 687-91]. Prior to trial, the Court granted the government's motion to dismiss Count Thirty-Three. [Doc. 621]. The jury found Tucker guilty on the remaining counts, [Doc. 638 at 4-5], and the Court sentenced Tucker to sixty months of imprisonment as to each count, to be served concurrently, [Doc. 789].

Still represented by Hart, Tucker appealed, arguing that the Court erred in granting the government's motion in limine to preclude Tucker from asserting the defense of entrapment and in refusing to charge the jury on the entrapment defense.

2

Brief for Appellant at 8-17 (Feb. 1, 2018), United States v. Mayweather, 991 F.3d 1163 (11th Cir. 2021) (No. 17-13547), 2018 WL 803786, at *8-17.  On March 17, 2021, the United States Court of Appeals for the Eleventh Circuit concluded that Tucker was not entitled to an entrapment instruction and affirmed his attempted drug distribution convictions (Counts Twenty-Six and Thirty-Two) but reversed his § 1951(a) conviction (Count Twenty-Seven) because the jury was not provided "with any definition of 'official act.'"  Mayweather, 991 F.3d at 1168, 1179, 1184-86.  The Court granted the government's subsequent motion to dismiss Count Twenty-Seven and amended the judgment accordingly.  [Docs. 971; 974].

Tucker timely filed this pro se § 2255 motion, arguing that the amount of drugs for which he was held accountable at sentencing should have been zero because the confidential informant never specified an amount to Tucker and because there were "no real drugs."  [Doc. 964 at 5].  Tucker further asserts that his attorney failed to raise the issue, even though "it was brought to his attention multiple times."  [Id. at 6].  The government responds that Tucker's claim is not cognizable under § 2255 and that it lacks merit.  [Doc. 970 at 5-8].  Tucker replies that his claim is appropriately brought in this § 2255 motion, that he "had to be told a quantity" because this case involved "sham drugs," that counsel did not argue "that the drug quantity should be zero," and that he "cannot be held responsible for

3

a drug weight [of which] he had no knowledge." [Doc. 977 at 2-3; Doc. 978 at 2-3].

## II. DISCUSSION

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982) (footnote omitted). An evidentiary hearing is not warranted if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Based on the record before the Court, the undersigned finds that an evidentiary hearing is not required in this case. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991) (noting that, although prisoner seeking collateral relief is entitled to evidentiary hearing if relief is warranted by facts he alleges, which court must accept as true, hearing is not required if record conclusively demonstrates that no relief is warranted).

4

"Section 2255 does not provide a remedy for every alleged error in conviction and sentencing." Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014). In order to challenge a sentencing error on collateral review, the prisoner "must show that the alleged error 'constituted a fundamental defect which inherently results in a complete miscarriage of justice.'" Delva v. United States, 851 F. App'x 148, 154 (11th Cir.) (citation omitted), cert. denied, 142 S. Ct. 374, 211 L. Ed. 2d 199 (2021). A misapplication of advisory sentencing guidelines does not meet this standard. Id.; Spencer, 773 F.3d at 1140. Thus, Tucker's challenge to the amount of drugs for which he was held accountable at sentencing is not cognizable on collateral review. Delva, 851 F. App'x at 154 (citation omitted). Additionally, as discussed below, the Court's drug quantity finding was not erroneous and further did not result in a miscarriage of justice because Tucker's 60-month sentence fell well below both the 151–188-month guideline range calculated by the Court at sentencing, [Doc. 836 at 6, 13-14], and the twenty-year statutory maximum set forth in § 841(b)(1)(c).

Contrary to Tucker's assertion regarding the confidential informant's failure to specify the amount of drugs, the amount for which Tucker could be held accountable was not limited to his actual knowledge of the weight of the drugs. Rather, Tucker was responsible for the amount "reasonably foreseeable" to him as

5

part of his "jointly undertaken criminal activity." United States v. Taylor, 135 F. App'x 384, 387 (11th Cir. 2005) (per curiam). As summarized in the presentence investigation report ("PSR"), the confidential informant met with Tucker and his co-defendant Christopher Williams ("Williams") on two separate occasions and gave Williams backpacks containing counterfeit drugs to deliver while Tucker remained in the confidential informant's vehicle to protect additional counterfeit drugs. [PSR ¶¶ 87, 91]. The drug amounts attributable to Tucker, which included both the amounts in the backpacks Williams carried and the amounts that remained in the informant's vehicle, were reasonably foreseeable to Tucker because (1) he and Williams arrived at the confidential informant's location in the same vehicle for the purpose of engaging in a drug conspiracy with the informant, (2) both Tucker and Williams were in the informant's vehicle when conversations regarding narcotics took place, and (3) Williams' vehicle and the informant's vehicle, in which Tucker was a passenger, drove in tandem to the drop locations, where Tucker observed Williams place what he believed to be drugs in the drop vehicle. [Id. ¶ 96].

Additionally, counsel did contest the drug weight attributed to Tucker. [PSR ¶¶ 87, 91, 96]. Specifically, counsel objected that Tucker did not know that the counterfeit drugs he "remained in the car to protect were in fact the size of

6

kilograms" and that Tucker should not be held responsible for the amount of drugs carried by Williams. [Id.]. Counsel contended that Tucker should only be held accountable for the drugs he personally transported. [Id.]. Because Tucker's base offense level remained the same even if the Court did not hold him accountable for the amount of drugs carried by Williams, [id. ¶ 96], the issue was not addressed at the sentencing hearing, [Doc. 836 at 6]. Moreover, Tucker's claim that the amount of drugs for which he was held accountable at sentencing should have been zero because the drugs were counterfeit also fails because a court may include both real and sham drugs in the drug-quantity calculation. United States v. Mendez, 405 F. App'x 444, 447 (11th Cir. 2010) (per curiam) (citing United States v. Martinez, 83 F.3d 371, 377 (11th Cir.1996)).

Finally, to the extent that Tucker maintains that counsel should have challenged drug quantity on appeal, he cannot show that counsel's decision not to raise these meritless arguments regarding drug quantity was unreasonable. See Ferrell v. Hall, 640 F.3d 1199, 1236 (11th Cir. 2011) (To succeed on a claim of ineffective assistance of appellate counsel, a defendant must demonstrate "that counsel's performance was so deficient that it fell below an objective standard of reasonableness . . . [and] that but for the deficient performance, the outcome of the appeal would have been different."); see also Smith v. Murray, 477 U.S. 527, 536

(1986) ("[W]innowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy."). Accordingly, Tucker is not entitled to § 2255 relief.

### III.  CERTIFICATE OF APPEALABILITY

Rule 22(b)(1) of the Federal Rules of Appellate Procedure provides that an applicant for § 2255 relief "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Section 2253(c)(2) of Title 28 states that a certificate of appealability ("COA") shall not issue unless "the applicant has made a substantial showing of the denial of a constitutional right."  A movant satisfies this standard by showing "that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  Based on the foregoing discussion of Tucker's sole ground for relief, the resolution of the issues presented is not debatable by jurists of reason, and the undersigned recommends that he be denied a COA.

## IV.  CONCLUSION

For the reasons stated, **IT IS HEREBY RECOMMENDED** that Tucker's § 2255 motion, [Doc. 964], and a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the Magistrate Judge.

**SO RECOMMENDED**, this 31st day of May, 2022.

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE